UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN JEFFERSON,<br>Plaintiff,<br>v.<br>CITY OF LA MESA, et al.,<br>Defendants. | Case No.: 25cv480-LL-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS REVISED SECOND AMENDED COMPLAINT**<br><br>[ECF No. 39]<br><br>**(2) GRANTING DEFENDANTS CITY OF LA MESA, LA MESA POLICE DEPARTMENT, OFFICER JACK GAUGHRAN'S MOTION TO DISMISS REVISED SECOND AMENDED COMPLAINT**<br><br>[ECF No. 40] |

Before the Court are (1) Defendant County of San Diego's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 39] and (2) Defendants City of La Mesa, La Mesa Police Department, and Officer Jack Gaughran's (collectively "La Mesa Defendants") Motion to Dismiss Plaintiff's Revised Second Amended Complaint [ECF

No. 40]. Plaintiff Christian Jefferson filed a Consolidated Opposition. ECF No. 41. The County of San Diego and La Mesa Defendants filed Replies. ECF Nos. 42, 45. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** County of San Diego's Motion to Dismiss and **GRANTS** La Mesa Defendants' Motion to Dismiss.

## I. BACKGROUND

The operative complaint is the Revised Second Amended Complaint ("SAC"). ECF No. 37.

This matter arises from Plaintiff's arrest on August 26, 2024 by the La Mesa Police Department and his subsequent detention as a pretrial detainee in a jail operated by the County of San Diego. ECF No. 37 at 8.

Plaintiff alleges the following causes of action against the County of San Diego and the San Diego County Sheriff's Department (collectively "County Defendants"): (1) Fourteenth Amendment violations under 42 U.S.C. § 1983 related to conditions of confinement; (2) Fourteenth Amendment violations under § 1983 related to denial of medical care; (3) *Monell* liability under § 1983; (4) violations of the Bane Act, California Civil Code section 52.1; and (5) negligence. *Id.* at 15–39.

Plaintiff alleges the following causes of action against La Mesa Defendants: (1) First Amendment violations under § 1983 for retaliation; (2) Fourteenth Amendment violations under § 1983 for deprivation of property without due process; (3) *Monell* liability related to loss of Plaintiff's personal property; and (4) conversion. *Id.* at 22–42.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is

entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

/ / /

1393, 1401 (9th Cir. 1986)). The Court may deny leave to amend where an amendment would be futile. *Desoto*, 957 F.2d at 658 (citation omitted).

## III. DISCUSSION

### A. Fourteenth Amendment Conditions of Confinement

County Defendants seek to dismiss Plaintiff's § 1983 claim that County Defendants subjected him, a pretrial detainee, to objectively unreasonable conditions of confinement including unsanitary housing, exposure to mold, deprivation of adequate food and nutrition, prolonged isolation, lack of adequate clothing exchanges, and exposure to disease, which caused him "physical illness," "psychological injury," and a "substantial risk of future harm" in violation of the Fourteenth Amendment. ECF No. 37 at 15–18.

Section 1983 provides that "[e]very person who, under color of any statute . . . custom, or usage of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction of [the United States] to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.SC. § 1983.

Plaintiff sues County Defendants in their official capacities. ECF No. 37 at 6. This is allowed in instances "when the municipality itself causes the Constitutional violation through a policy or custom" and is often referred to as a *Monell* claim. *Nelson v. Cnty. of Sacramento*, 926 F. Supp. 2d 1159, 1165 (E.D. Cal. 2013) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55, 691 (1978)).

The Court finds that any claims regarding conditions of confinement against County Defendants are not appropriate, except in the context of a *Monell* claim. *See Monell*, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). The Court will address the *Monell* claims in a later section.

Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss as to the Fourteenth Amendment claim regarding conditions of confinement.

/ / /

### B. Fourteenth Amendment Denial of Medical Care

County Defendants seek to dismiss Plaintiff's § 1983 claim that County Defendants failed to provide timely or adequate medical and mental-health care in violation of the Fourteenth Amendment, and as a result, Plaintiff experienced physical deterioration, psychological harm, and suicidal ideation. ECF No. 37 at 19–21.

The Court finds that any claims regarding denial of medical care against County Defendants are not appropriate, except in the context of a *Monell* claim. *See Monell*, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). The Court will address the *Monell* claims in a later section.

Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss as to the Fourteenth Amendment claim regarding denial of medical care.

### C. *Monell* Claim Against County Defendants

County Defendants seek to dismiss Plaintiff's *Monell* claim. Plaintiff alleges the following against County Defendants: (1) failing to adequately train and supervise County employees regarding "minimum sanitation standards," "infectious-disease isolation," "suicide-watch procedures," "proper grievance handling," and "detainee safety"; (2) maintaining a custom and practice of prioritizing administrative convenience, housing capacity considerations, and staffing limitations over detainee health, safety, and constitutional rights; (3) maintaining a policy and a "widespread practice of obstructing detainee grievances" concerning staff misconduct, sanitation conditions, and food safety that were a direct and proximate cause of Plaintiff's prolonged exposure to unsafe conditions. *Id.* at 25–28.

"In order to establish liability for governmental entities under *Monell,* a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving

/ / /

force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citation omitted) (alterations in original).

"A governmental policy is a deliberate choice to follow a course of action . . . by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Three separate theories of *Monell* liability may be alleged against a municipality to satisfy the policy requirement: (1) an unconstitutional policy, custom, or widespread practice; (2) inadequate training; or (3) ratification. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018) (citations omitted).

**1. Failure to Train**

Plaintiff alleges that County Defendants failed to adequately train and supervise County employees regarding "minimum sanitation standards," "infectious-disease isolation," "suicide-watch procedures," "proper grievance handling," and "detainee safety" based on incidents that he experienced and submitted grievances for. Specifically, Plaintiff alleges that a deputy "distributed uncovered disposable razors by placing them directly on the ground and sliding them under cell doors" on two occasions despite Plaintiff's complaint to the deputy and his submitted grievances [ECF No. 37 at 9]; Plaintiff was housed in cells containing visible mold, water leaks, feces on walls, and clogged drains for which he submitted grievances and maintenance staff "acknowledged long-term leakage but minimized the condition without testing or remediation" [*id.* at 10]; Plaintiff submitted multiple grievances after he was repeatedly served spoiled, moldy, or inedible food [*id.* at 11]; Plaintiff was denied access to a shower or "basic personal hygiene items" while on suicide watch [*id.*]; Plaintiff remained "confined under suicide-watch conditions" for two additional days despite being medically cleared [*id.*]; and while Plaintiff was under suicide watch, deputies withheld food for a day instead of accommodating his request to uncover meals in his presence [*id.* at 12–13].

/ / /

Failure to train employees can be considered a county's policy or custom where the inadequacy evidences "deliberate indifference." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Deliberate indiffesrence is a "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). Notice, through a pattern of similar constitutional violations by untrained employees, supports a deliberate decision. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Although a pattern is "ordinarily necessary" to demonstrate deliberate indifference, in a "'narrow range of circumstances,' a pattern of similar violations might not be necessary to show deliberate indifference." *Id.* at 62–63 (citation omitted). For example, taking into consideration "the duties assigned to specific officers," when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," a county's training can reflect deliberate indifference. *City of Canton*, 489 U.S. at 390.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. Allegations that a particular officer was inadequately trained or that "an injury or accident could have been avoided if an officer had had better or more training" are not sufficient to prove liability. *City of Canton*, 489 U.S. at 390–91.

Defendant argues that Plaintiff's allegations that County Defendants maintained policies that caused his injuries and were on notice of their unconstitutional policies are conclusory and legally insufficient. ECF No. 39-1 at 7. The Court agrees that Plaintiff has not sufficiently alleged notice, such as through a pattern of similar constitutional violations by untrained employees. Plaintiff claims that notice was based on "publicly available records," "internal grievance data," "audit findings," and "prior civil actions involving the San Diego County Sheriff's Department." ECF No. 37 at 25–26. These methods, however, are described in terms that are too vague to allege notice through a "pattern of similar constitutional violations by untrained employees." *See Connick*, 563 U.S. at 62. The lack of description means these records cannot be identified and they do not show what, if any,

constitutional violations occurred. Therefore, County Defendants do not have actual or constructive notice "that a particular omission in their training program" causes county employees "to violate citizens' constitutional rights." *See id.* at 61–62.

The Court finds Plaintiff has not sufficiently alleged *Monell* liability through a failure to train.

**2. Widespread Practice or Custom**

Plaintiff alleges that County Defendants maintain a custom and practice of prioritizing administrative convenience, housing capacity considerations, and staffing limitations over detainee health, safety, and constitutional rights; a "widespread practice of obstructing detainee grievances" concerning staff misconduct, sanitation conditions, and food safety that were a direct and proximate cause of Plaintiff's prolonged exposure to unsafe conditions; as well as a "widespread practice of obstructing detainee grievances" concerning staff misconduct, sanitation conditions, and food safety.

In the absence of a formal governmental policy, the plaintiff may state a claim for *Monell* liability by showing a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (citation omitted). The practice must be so "persistent and widespread" that it constitutes a "permanent and well settled" custom or usage with the force of law. *Monell*, 436 U.S. at 691 (citation omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).

County Defendants argue that Plaintiff's contention that the county maintained unconstitutional customs and practices that caused his injuries is "wholly conclusory" and legally insufficient. ECF No. 39-1 at 7. The Court agrees that Plaintiff's allegations about customs and practices are legally insufficient. Plaintiff fails to plead sufficient facts to support claims of customs and practices resulting in constitutional violations for more than

himself, and that are so widespread as to become permanent and well settled. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012); *Talib-Grace v. San Diego Cnty.*, No. 25-CV-03698-AJB-DEB, 2026 WL 1825579, at *11 (S.D. Cal. June 24, 2026). The one allegation in support is that "[c]ustody staff repeatedly stated that the reported violations were 'how things are always done.'" ECF No. 37 at 15. However, this fails to show County Defendants were aware and made a deliberate choice to follow a course of action over other alternatives. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl.*, 520 U.S. 397 at 406–07 ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably."); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

The Court finds Plaintiff has not sufficiently alleged *Monell* liability through a widespread practice or custom.

Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss as to *Monell* liability.

**D. Bane Act**

County Defendants seek to dismiss Plaintiff's Bane Act claim pursuant to California Civil Code section 52.1, arguing that (1) public entities are immune under California Government Code section 815(a), and (2) Plaintiff failed to plead vicariously liability as to this claim. ECF No. 39-1 at 9; ECF No. 42 at 4.

The Bane Act provides a private cause of action against anyone who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by an individual or individuals of rights secured by the Constitution or laws of the United States, or laws and rights secured by the Constitution or laws of California." Cal. Civ. Code § 52.1(a). To state a claim under the Bane Act, the following elements must be alleged: "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or

/ / /

attempted interference was by threats, intimidation, or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015).

California Government Code section 815 states that "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). One exception to section 815 is section 815.2, which allows for vicarious liability of public entities based on the acts or omissions of employees. Cal. Gov't Code § 815.2; *see also Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 623 (9th Cir. 2014) ("Under California law, public entities are liable for actions of their employees within the scope of employment, Cal. Gov't Code § 815.2(a), but public entities are immune from liability to the extent their employees are immune from liability, Cal. Gov't Code § 815.2(b).").

The Court finds County Defendants are not immune from a Bane Act claim because it may be alleged against County Defendants for vicarious liability based on the acts or omissions of employees. Cal. Gov't Code §§ 815(a), 815.2; *Astorga v. Cnty. of San Diego*, No. 321CV00463BENKSC, 2022 WL 1556164, at *3 (S.D. Cal. May 17, 2022) (collecting cases). Plaintiff alleges in the SAC that County Defendants threatened and verbally intimidated him, however he does not plead vicarious liability. ECF No. 37 at 34–35. Therefore, Plaintiff's Bane Act claims are insufficient to the extent he seeks to allege vicarious liability against County Defendants.

Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss as to the Bane Act claim.

**E. Negligence**

County Defendants seeks to dismiss Plaintiff's state law negligence claim for failing to comply with the claim presentation requirements of California's Government Claims Act. ECF No. 39-1 at 10–11; ECF No. 42 at 5.

The Government Claims Act provides that a "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that

entity."[1] *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1239 (2004); *see* Cal. Gov't Code §§ 911.2, 945.4.

The Court finds Plaintiff failed to present his negligence claim to County Defendants as required by California statute. Plaintiff alleges in the SAC that he timely presented his written claim for money or damages to the County of San Diego. ECF No. 37 at 43. In the SAC, Plaintiff's negligence claim alleges County Defendants breached their duty of care owed to Plaintiff by, *inter alia*, housing Plaintiff in unsafe and unsanitary cells, depriving Plaintiff of adequate food and hygiene, failing to provide appropriate medical care and mental health care, and ignoring complaints. *Id.* at 37–39. However, Defendants attached a copy of Plaintiff's submitted form, which presents a claim arising from an "unlawful use of force" incident on October 1, 2024 and subsequent "lack of follow medical care."[2] ECF No. 39-2 at 4. The claim Plaintiff presented in his form is entirely different from the negligence claim in the SAC. Therefore, Plaintiff failed to comply with the claim presentation requirement of the Government Claims Act, and the negligence claim is subject to dismissal for failure to state a claim upon which relief may be granted. *State of California v. Superior Ct.*, 32 Cal. 4th at 1243 ("[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.").

Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss as to the negligence claim.

/ / /

---

[1] In 2007, the California Supreme Court adopted the practice of referring to the Tort Claims Act as the Government Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (2007).

[2] The Court GRANTS County Defendants' request for judicial notice of Plaintiff's Claim stamped January 29, 2025, pursuant to Federal Rule of Evidence 201. ECF Nos. 39-2, 39-3; *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**F. Fourteenth Amendment Deprivation of Property**

La Mesa Defendants seek to dismiss Plaintiff's § 1983 claim for deprivation of property without due process under the Fourteenth Amendment, alleging that his cell phone and laptop computer were damaged and his SIM card was lost while in La Mesa Defendants' possession. ECF No. 37 at 23–25. Plaintiff alleges that post-deprivation remedies were inadequate and illusory because he submitted a formal administrative claim to the City of La Mesa but it was denied. *Id.* at 24, 42–43.

La Mesa Defendants contend that mere deprivation of property does not amount to a claim for violation of due process. ECF No. 40-1 at 8–9.

The Ninth Circuit has stated that "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). It subsequently found that "California Law provides an adequate post-deprivation remedy for any property deprivations." *Id.* at 816–17. That remedy for tort claims against public officials is in the California Government Code. *Price v. Stockton Police Dep't*, No. 2:24-cv-3758 DAD CKD P, 2025 U.S. Dist. LEXIS 176926, at *3 (E.D. Cal. Sep. 10, 2025).

The Court finds that Plaintiff's claim for deprivation of property does not constitute a violation of the Fourteenth Amendment's Due Process Clause. *See Barnett*, 31 F.3d at 816–17. Although Plaintiff did not receive a favorable outcome when he submitted a claim for his lost and damaged property, that does not render the entire post-deprivation remedy provided by the state inadequate. Plaintiff is in fact currently engaged in the post-deprivation remedy procedure. He presented a written claim for money or damages to the City of La Mesa and subsequently filed a claim in this action against La Mesa Defendants for conversion. ECF No. 37 at 39–43.

Accordingly, the Court **GRANTS** La Mesa Defendants' Motion to Dismiss as to the Fourteenth Amendment claim for deprivation of property.

/ / /

### G. *Monell* Claim Against La Mesa Defendants

La Mesa Defendants seek to dismiss Plaintiff's *Monell* claim. Plaintiff's claim is premised on his loss of property. In August 2025, Plaintiff went to the La Mesa Police Department to retrieve his personal property pursuant to a court order. ECF No. 37 at 8. When he received his property, his cell phone was damaged, his SIM card was missing, and he later discovered that his laptop was internally damaged. *Id.* at 9. He filed a claim with the City of La Mesa, which was denied. *Id.*

Plaintiff alleges the following against La Mesa Defendants: (1) failing to adequately train and supervise officers regarding "mandatory property inventory procedures," "chain-of-custody requirements," "preservation of electronic components," and "compliance with court orders directing the return of property"; and (2) maintaining a custom of "failing to properly inventory seized personal property," "failing to safeguard seized personal property," "failing to timely return seized personal property," and returning seized personal property in a damaged and/or incomplete condition. ECF No. 37 at 26–33. Plaintiff claims that as a direct and proximate result of La Mesa Defendants' policies, Plaintiff suffered a loss of personal property without due process. *Id.* at 32.

The Court applies the same legal standards as discussed above for the *Monell* claim against County Defendants. *See supra* Section III.C.

La Mesa Defendants argue that Plaintiff's allegations asserting a *Monell* claim are conclusory and legally insufficient. The Court agrees. Plaintiff alleges that La Mesa Defendants' failure to train and widespread customs satisfy the policy requirement for a *Monell* claim. However, Plaintiff only describes one incident that led to deprivation of his property. The Ninth Circuit has held that a "plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). Similarly, failure-to-train normally requires a pattern of similar constitutional violations by untrained employees. *Connick*, 563 U.S. at 62.
/ / /

Therefore, Plaintiff has failed to sufficiently plead a *Monell* claim through either a failure to train or widespread custom.

Accordingly, the Court **GRANTS** La Mesa Defendants' Motion to Dismiss as to the *Monell* claim.

### H. Defendant Jack Gaughran

La Mesa Defendants seek to dismiss the First Amendment Retaliation claim against La Mesa Police Office Jack Gaughran. ECF No. 40-1 at 18. In the SAC, Plaintiff alleges a First Amendment Retaliation claim "Against Individual Defendants." ECF No. 37 at 22. Defendant Gaughran is the only individually-named defendant. The allegations for the First Amendment Retaliation claim involve actions that occurred between correctional deputies and Plaintiff while he was detained as a pretrial detainee. *Id.* at 13–14, 22. Defendant Gaughran is not a correctional deputy and was not involved with any of the allegations supporting the First Amendment Retaliation claim. Plaintiff does not address these arguments. The Court finds Defendant Gaughran should be dismissed from the First Amendment Retaliation claim.

Accordingly, the Court **GRANTS** La Mesa Defendants' Motion to Dismiss Jack Gaughran from the First Amendment Retaliation claim.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. County Defendants' Motion to Dismiss is **GRANTED.**
2. La Mesa Defendants' Motion to Dismiss is **GRANTED.**
3. All dismissals are without prejudice and with leave to amend.
4. Plaintiff may file an amended complaint on or before **<u>October 30, 2026</u>**. Plaintiff's amended complaint must cure the deficiencies noted herein and must be complete in itself without reference to the original complaint. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See Lacey v. Maricopa County*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

5. If no amended complaint is filed by October 30, 2026, all Defendants shall file an answer to the complaint on or before **November 13, 2026**.

**IT IS SO ORDERED.**

Dated: September 30, 2026

Honorable Linda Lopez
United States District Judge